UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EDWARD KEITH, Jr.,

        Petitioner,               Case No. 1:12-cv-71

v.                                      Honorable Paul L. Maloney

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Before the Court is Petitioner's motion to hold these proceedings in abeyance pending exhaustion of claims in state court (docket #3). For the reasons set forth herein, Petitioner's motion will be granted.

### Discussion

    I.    Background

In 2006, a jury convicted Petitioner Michael Edward Keith, Jr., of three counts of first-degree criminal sexual conduct involving a person under the age of thirteen (CSC I), MICH. COMP. LAWS § 750.520b(1)(a). On November 20, 2006, the Ottawa County Circuit Court sentenced Petitioner to three concurrent prison terms of nine to twenty years. Petitioner appealed his conviction to the Michigan Court of Appeals, raising the following issues:

> (1) The trial court erred in amending the information following a motion for directed verdict of acquittal. "The original information alleged three counts of vaginal sexual penetration. The [c]ourt denied the motion for a directed verdict and amended the information to include 'penile/genital opening[.]'" (Pet. 2, docket #1.)

    (2)    Petitioner's right to a fair trial was violated when the trial court amended the information.

    (3)    There was insufficient evidence to convict Petitioner of CSC I.

    (4)    The trial court should have granted a new trial.

The Court of Appeals affirmed the conviction in 2008. Thereafter, Petitioner appealed his conviction to the Michigan Supreme Court raising the same issues. That court denied leave to appeal on October 26, 2010. Petitioner filed the instant petition on January 24, 2012. He has also filed a motion to hold these proceedings in abeyance so that he may exhaust additional claims through a motion for relief from judgment that he filed in state court. He asserts that he raised the following issues in that motion:

    (i)    The trial court should hear the motion for relief from judgment under the statutory provisions for granting a new trial rather than the court rules.

    (ii)    The trial court erred in refusing to permit Petitioner to cross-examine the complainant's mother about a prior sexual assault which happened to her which could have influenced her bias and disposition towards finding evidence of a rape of her daughter.

    (iii)    Appellate counsel was ineffective in failing to object to the admission of unrelated sexual conduct on the part of Petitioner.

    (iv)    Trial counsel was ineffective in failing to introduce evidence concerning the danger of repressed memories.

>    (v)   Appellate counsel was ineffective in failing to raise the foregoing issues on appeal.

(Mot. to Hold Habeas Corpus in Abeyance 2-3, docket #3; *see also* Pet. 3-4, docket #1.)

>    II.   <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

By presenting issues (1) through (4), *supra*, on appeal to the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner exhausted those claims. Issues (i) through (v) were not raised on direct appeal, however. Petitioner has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28

U.S.C. § 2254(c). Petitioner's motion for relief from judgment under Rule 6.500 of the Michigan Court Rules is one available procedure by which to present issues (i) through (v) to the state courts. Thus, the latter issues have not been exhausted.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 26,

2010.  It appears that Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in that court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, January 24, 2011.  Accordingly, Petitioner had one year in which to file his habeas petition.  Petitioner filed his petition on January 24, 2012, the last day of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653.  Petitioner asserts that he has already filed his motion for post-conviction relief, but the statute of limitations ended on the day that he filed his petition.  Petitioner therefore would not have the necessary 30 days to return to this court before expiration of the statute of limitations.  As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition.  *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is

no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Petitioner asserts that his appellate counsel was ineffective for failing to raise certain issues on direct appeal. Moreover, his current counsel miscalculated the time for filing a habeas petition, but filed the petition on the last day of the limitations period when he realized his error. Counsel also asserts that he "simultaneously" filed the motion for relief from judgment in state court (docket #3, Page ID#17);[1] however, that motion does not toll the limitations period because it was received by the state court shortly after the limitations period expired.[2] Upon review, the Court concludes that there is good cause for Petitioner's failure to exhaust before filing his petition. Moreover, Petitioner's claims are not plainly meritless, and there is no indication that Petitioner engaged in intentional dilatory litigation tactics. Accordingly, Petitioner's motion to hold these proceedings in abeyance will be granted.

An Order consistent with this Opinion will be entered.


Dated: __February 9, 2012__          /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge

---

[1] A copy of the motion for relief from judgment is attached to Petitioner's motion to hold this action in abeyance (*see* docket #3-1). The motion for relief from judgment is signed and dated January 25, 2012 (docket #3-1, Page ID#67).

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).